[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO SUPPRESS
 FACTS
On July 3, 2002, the defendant, Roshun Jones, filed a motion to suppress all statements made by him following his arrest on September 6, 2000. Specifically, in his motion, the defendant argues that:
1. He was in custody at the time he made a confession to the police,
2. "Constantly for a year prior to his arrest" he had invoked his right to counsel to the Plainfield police department; and
3. The conversations resulting in his confession were initiated by the police and were coercive.
On November 14, 2002, the state filed an opposition to the defendant's motion to suppress and the court conducted an evidentiary hearing to address the motion and opposition. At the hearing, the state presented testimony of Lieutenant Robert Hoffman, Officer Maurice Romillard and Officer Esposito of the Plainfield police department. The state also proffered documentary evidence. The defendant presented testimony of Plainfield police chief, Gary Sousa, the defendant's grandmother, and the defendant. The court finds the following facts and evidence credible.
On September 6, 2000, the defendant was arrested and charged with assault in the second degree, violations of General Statutes § 53a-60
(a) (3), misconduct with a motor vehicle in violation of General Statutes § 53a-57, reckless endangerment in the first degree in violation of General Statutes § 53a-63 and reckless driving in violation of General Statutes § 14-222. The complaint alleges that on September 23, 1999, approximately a year prior to his arrest, the defendant was "racing" with another vehicle in Plainfield, Connecticut, and that the other vehicle struck a motorcycle, killing two people and injuring two CT Page 15424 others.
The defendant's arrest was the result of a year long investigation by the Plainfield police department that included several pre-arrest interviews with the defendant. Officer Romillard called the defendant at his residence on November 16, 1999, as part of the investigation. At that time, the defendant informed the officer that his attorney had advised him not to talk to anyone concerning the collision and hung up. Officer Romillard called the defendant after this phone conversation to inquire whether the defendant had an opportunity to speak with his attorney and was told by the defendant that his attorney had told him not to speak to anyone. The defendant called Officer Romillard once or twice subsequent to this conversation to discuss his vehicle, which had been impounded.
On August 21, 2000, a warrant was issued for the defendant's arrest and on September 6, 2002, the defendant was arrested at his home without any incident. After his arrest, the defendant was informed of his Miranda
rights by Officer Esposito and signed an acknowledgment of those rights. The defendant was also allowed to make several telephone calls. Subsequently, the defendant was interrogated by Lieutenant Hoffman and gave a signed statement and waiver of his rights. It is this statement that the defendant seeks to suppress.
 LAW
The defendant argues that the statement should be suppressed because it was gathered in violation of his fifth and fourteenth amendment rights pursuant to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602,16 L.Ed.2d 694 (1966).[1] While the defendant, in his motion, does not specifically cite to Miranda, he cites various post-Miranda cases to support his proposition that the protections afforded to him by Miranda
were violated. The crux of the defendant's argument is that, prior to his arrest and during the November 16, 1999, telephone conversation with Officer Remillard, the defendant invoked his right to counsel and that therefore, the initiation of interrogation by Lieutenant Hoffman on September 6, 2000, after the defendant was in custody and without his counsel present, was a violation of his fifth amendment right to counsel under Miranda.
The first step in the Miranda analysis involves the question of whether the defendant properly invoked his right to counsel. An invocation of the right to counsel "must be made in the context of a custodial
interrogation in order for the Miranda rights to attach." (Emphasis in original.) State v. Pinder, 250 Conn. 385, 417, 736 A.2d 857 (1999);Minnick v. Mississippi, 498 U.S. 146, 150, 111 S.Ct. 486. 112 L.Ed.2d 489
CT Page 15425 (1990) ("[O]nce an individual in custody invokes his right to counsel, interrogation must cease until an attorney is present. . . ." [Emphasis added; internal quotation marks omitted.]); Arizona v. Roberson,486 U.S. 675, 682, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988) ("[T]here is nothing ambiguous about the requirement that after a person in custody
has expressed his desire to deal with the police only through counsel, he is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." [Emphasis added; Internal quotation marks omitted.]). see Edwards v.Arizona, 451 U.S. 477, 484, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981) (holding that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing that he responded to further police-initiated custodial interrogation even if he has been advised of his rights).
While the defendant argues that he was in custody at the time of theconfession, he has neither argued nor presented any evidence to show that he was in custody at the time he invoked his right to counsel. Rather, the defendant's argument is predicated on the fact that he invoked his right to counsel, prior to his arrest, during a non-custodial telephone conversation. Thus, the defendant has failed to allege an essential element required to invoke Miranda's protections, namely, that when he invoked his right to counsel, the defendant was in custody.
"The defendant bears the burden of proving custodial interrogation."State v. Pinder, supra, 250 Conn. 409. A "review of the issue of custody comports with the United States Supreme Court's recently enunciated two part test for determining custody. Two discrete inquiries are essential to the determination: first, what were the circumstances surrounding the interrogation; and second, given those circumstances, would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave." (Internal quotation marks omitted.) State v.Pinder, supra, 250 Conn. 410.
Based on the nature of the police questioning of the defendant during the year prior to the defendant's arrest, involving mere telephone conversations rather than a formal stationhouse interrogation, a reasonable person in the defendant's shoes would not have felt he or she was not at liberty to terminate the interrogation and leave. The court finds that the defendant was not in custody at any time when he invoked his right to counsel. Because there was no custody, the court need not determine whether the invocation was unequivocal. See Davis v.United States, 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994). CT Page 15426 Accordingly, the court finds that the defendant's right to counsel pursuant to Miranda was not violated.
The next step in the Miranda analysis requires a review of the defendant's waiver alter he was arrested and in police custody. "Because the defendant was in custody and was properly advised of his Miranda
rights, our resolution of his claim requires us to determine whether he made a valid waiver of his rights. Pursuant to the fifth andfourteenth amendments to the United States constitution, a statement made by a defendant during custodial interrogation is admissible only upon proof that he . . . waived his rights [under Miranda]. . . . To be valid, a waiver must be voluntary, knowing and intelligent. . . . The state has the burden of proving by a preponderance of the evidence that the defendant voluntarily, knowingly and intelligently waived his Miranda rights. (Internal quotation marks omitted.) State v. Williams, 65 Conn. App. 59,72, 782 A.2d 149, cert. denied, 258 Conn. 923, 782 A.2d 1251 (2001).
"Whether the defendant has knowingly and intelligently waived his rights under Miranda depends in part on the competency of the defendant, or, in other words, on his ability to understand and act upon his constitutional rights. . . . Factors which may be considered by the trial court in determining whether an individual had the capacity to understand the warnings include the defendant's experience with the police and familiarity with the warnings . . . his level of intelligence, including his IQ . . . his age . . . his level of education . . . his vocabulary and ability to read and write in the language in which the warnings were given. intoxication . . . his emotional state . . . and the existence of any mental disease, disorder or retardation. . . . Furthermore, [a] defendant's express written and oral waiver is strong proof that the waiver is valid." (Internal quotation marks omitted.) Statev. Pereira, 72 Conn. App. 545, 579, ___ A.2d ___ (2002).
The state presented evidence of the defendant's express written and oral acknowledgment and waiver. The defendant has not contested the state's assertion that the defendant is proficient in comprehending and speaking English or presented evidence of any of the other factors which this court may consider to contest the knowing and intelligent prong of the Miranda
analysis. Therefore, the court finds that the state has met its burden of proving, by a preponderance of the evidence, that the defendant knowingly and intelligently waived his Miranda rights.
Lastly, the Miranda analysis requires a review of the voluntariness the defendant's confession. "[T]he use of an involuntary confession in a criminal trial is a violation of due process. . . . The state has the burden of proving the voluntariness of the confession by a fair CT Page 15427 preponderance of the evidence. . . . [T]he test of voluntariness is whether an examination of all the circumstances discloses that the conduct of law enforcement officials was such as to overbear [the defendant's] will to resist and bring about confessions not freely self-determined. . . . The ultimate test remains . . . Is the confession the product of an essentially free and unconstrained choice by its maker? If it is, if he has willed to confess, it may be used against him. If it is not, if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process." (Citations omitted; internal quotation marks omitted.)State v. Pinder, supra, 250 Conn. 418-19.
"The determination, by the trial court, whether a confession is voluntary must be grounded upon a consideration of the circumstances surrounding it. . . . Factors that may be taken into account, upon a proper factual showing, include: the youth of the accused; his lack of education; his intelligence; the lack of any advice as to his constitutional rights; the length of detention; the repeated and prolonged nature of the questioning; and the use of physical punishment, such as the deprivation of food and sleep. . . . Under the federal constitution, however, coercive police activity is a necessary predicate to the finding that a confession is not voluntary." (Citations omitted; internal quotation marks omitted.)State v. Pinder, supra, 250 Conn. 419.
The defendant argues that his confession was gathered as a result of a "coercive atmosphere." (Defendant's Motion to Suppress, p. 3.) The defendant, however, has not alleged any specific facts to support this assertion. Moreover, the state presented undisputed testimony of Lieutenant Hoffman that there was no coercion. Therefore, other than a bald assertion of police coercion, the defendant has neither alleged nor proffered any other evidence to suggest that his confession was not voluntary and the court finds that the state has shown, by preponderance of the evidence, that the confession was voluntary.
 CONCLUSION
The court finds that the defendant was not in custody when he invoked his right to counsel and therefore this right was not violated. The court also finds that defendant's waiver of his Miranda rights and confession was voluntary, knowing and intelligent. Accordingly, the defendant's motion to suppress is denied.
Swienton, J.